Day, J.,
 

 dissenting. Section 486-176, General Code,
 
 *244
 
 pertaining to police officers and firemen, provides that should a vacancy occur through death within two years from the date of lay-off, the oldest employee in point of service of those laid off shall he entitled to fill same, providing he was at the time of his separation a regular and permanent employee.
 

 In the agreed statement of facts it is admitted that a vacancy occurred within two years from the date of the temporary lay-off of decedent, Elvin C. Mansfield; that he was the oldest employee in the point of police service of those laid off, and at the time of his separation from service he was a regular and permanent employee.
 

 In the writer’s opinion, under the statute, Elvin C. Mansfield clearly became entitled to fill the vacancy created in the police department and to the rights and benefits consequent thereunder. He was denied this right because his state of health was such as would incapacitate him from performing the duties attaching to the position. However, nowhere in the statute, either expressly or by implication, is the state of health of a laid-off police officer made a- qualifying condition for reinstatement, and no such condition should be en-grafted upon it. To. do so would be tantamount to amending an act of the General Assembly by judicial legislation. The only qualifying conditions contained in the statute are those referred to above. There are no others.
 

 Where a laid-off police officer fulfills the qualifying conditions imposed by statute, his right to fill the vacancy created in the police department, and all rights and benefits accruing to him and his dependents thereunder, become absolute; and when such rights and benefits are denied, their exaction ought to be made possible to the police officer during his lifetime, and to his widow and dependents after his death, by a writ of mandamus.